IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EURO PACIFIC CAPITAL INC., <br><br> *Plaintiff*, <br><br> vs. <br><br> STEVEN SAVOY, and OPPENHEIMER & CO. INC., <br><br> *Defendants*. | Civil Action File No. 3:15-cv-00950-JBA |

**MEMORANDUM OF OPPENHEIMER & CO. INC. IN OPPOSITION
TO PLAINTIFF'S "REQUEST FOR EXPEDITED DISCOVERY"**

Plaintiff Euro Pacific Capital Inc. ("Euro Pacific" or "Plaintiff") is not entitled to expedited discovery in aid of a preliminary injunction hearing because no such hearing has been scheduled and none is needed. Plaintiff and both defendants have already negotiated agreed injunctive orders (Dkt. Nos. 16 and 25), and the order as to Oppenheimer has already been so-ordered by the Court (Dkt. No. 22). (Only after both consent orders were negotiated and filed did Plaintiff file its brief (Dkt. No. 28) seeking discovery.) The two consent orders say nothing about further discovery in this Court, let alone "expedited" discovery. From here on and for all purposes the parties' dispute transitions to their agreed forum—FINRA arbitration.

Plaintiff's brief is filled with citations to cases in which the injunctive relief sought had not yet been obtained. In all of Plaintiff's cases a fact-finding role for the court remained unfulfilled. That is self-evidently not the case here. Moreover, Plaintiff's references to Fed. R. Civ. P. 65(b) are simply inexplicable since that subsection of Rule 65 refers exclusively to TROs issued *ex parte*, which of course the two consent orders herein were not. Neither order expires after 14 days (cf. Fed. R. Civ. P. 65(b)(2)). Both are for all intents and purposes preliminary

1

injunctions. (The consent order as to Oppenheimer even recites, correctly, that "permanent injunctive relief may be obtained only in an arbitration under the [FINRA arbitration] Code.")

Oppenheimer stated in its letter to the Court last Friday (Dkt. No. 27), "Plaintiff's request is a gross overreach." Nothing in Plaintiff's brief shows otherwise. Its request should be denied, and Oppenheimer should be awarded its costs and attorneys' fees incurred in opposing it.

**A R G U M E N T**

Neither FINRA Rule 13804 nor Federal Rule of Civil Procedure 65 allows Euro Pacific to conduct discovery in this proceeding. FINRA Rule 13804(a) permits parties whose claims are subject to FINRA arbitration to seek a temporary injunctive order, defined as a temporary restraining order, preliminary injunction, or other form of initial, temporary injunctive relief, from a court of competent jurisdiction. The request for a temporary injunctive order "simply preserves the status quo until arbitration is commenced." *PFS Inv., Inc. v. Imhoff*, No. 11-10142, 2011 WL 1135538, at *7 (E.D. Mich. March 25, 2011). Once a court issues a temporary injunctive order, a FINRA arbitration hearing on the request for permanent injunctive relief must begin within 15 days of the date of issuance of the temporary injunctive order. FINRA Rule 13804(b). Because the Court issued the Order on June 25, 2015, a FINRA arbitration hearing must commence by July 10, 2015. All parties have already submitted their arbitrator rankings and FINRA will notify the parties of the date of the final hearing and composition of the arbitration panel *instanter*. Nothing remains for the Court to do in this proceeding.

Euro Pacific's argument that it is entitled to expedited discovery in aid of and in preparation for a preliminary injunction hearing is based on a misreading of Rule 65 of the Federal Rules of Civil Procedure and ignores the procedures set forth by FINRA to resolve these disputes; all parties to this action are bound to follow FINRA's rules and procedures. Euro

2

Pacific asserts that it is entitled to discovery because Rule 65(b) "requires that a temporary restraining order be of limited duration and that a prompt hearing be held on whether to convert the temporary restraining order into a preliminary injunction." (Dkt. No. 28 at 2.) Euro Pacific ignores, however, why temporary restraining orders issued under Rule 65(b) must be for a limited duration and require a prompt hearing – *the lack of notice to the adverse party*. Fed. R. Civ. P. 65(b)(1). To wit:

- Fed. R. Civ. P. 65(b)(1) provides that a "court may issue a temporary restraining order *without written or oral notice* to the adverse party" if certain conditions are met;

- Fed. R. Civ. P. 65(b)(2), relating to the expiration of temporary restraining orders, provides that "[e]very temporary restraining order issued *without notice* must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the issue order was issued *without notice*; and be promptly filed in the clerk's office and entered in the record"; and

- Fed. R. Civ. P. 65(b)(3), relating to expediting the preliminary injunction hearing, provides that "[i]f the order is issued *without notice*, the motion for a preliminary injunction must be set for hearing at the earliest possible time…."

Fed. R. Civ. P. 65(b) (emphasis added). It is self-evident from the Consented-To Restraining Order that Oppenheimer had notice of the order. Rule 65(b) does not apply.

Rule 65(a) is the applicable rule when an adverse party has notice of a request for injunctive relief: "The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a); *JPMorgan Chase Bank, N.A. v. Wirtanen*, No. 15-11929, 2015 WL 3506105, at *2 (E.D. Mich. June 3, 2015) ("The Federal Rules of Civil Procedure provides for preliminary injunctions with notice under Rule 65(a) and temporary restraining orders without notice under Rule 65(b)"). When a party moves for relief under Rule 65(b) but notice is provided to the adverse party, this Court will treat the motion as a motion for preliminary injunction under Rule 65(a). *See Everitt v. DeMarco*, 601 F. Supp. 2d 456, 461 (D. Conn. 2009)

("Because [Rule 65(b)] applies to orders entered without notice, and notice and a hearing was afforded in this case, the Court will treat their motion as one under Rule 65(a) for a preliminary injunction.") Because Oppenheimer had notice of, participated in the hearing on the Order, and indeed consented to the Order, the Order is for all intents and purposes a preliminary injunction. Indeed, the Order does not bear any of the indicia of a temporary restraining order: it does not state the date and hour it was issued; it does not state the injury to Euro Pacific and why it is irreparable; and it does not state why it was issued without notice. Fed. R. Civ. P. 65(b)(2). A preliminary injunction hearing is not needed because the parties have already consented to an injunction.

In a recent case, the Eastern District of Michigan when confronted with issues similar to those facing this Court treated a plaintiffs' motion for temporary restraining order, preliminary injunction, and order permitting expedited discovery as a motion for preliminary injunction because defendants had notice of the motion. *Wirtanen*, No. 15-11929, 2015 WL 3506105, at *2. The court granted plaintiffs' motion for preliminary injunction and directed the parties to proceed to arbitration under FINRA Rule 13804. *Id*. at **6-7. The court also found that plaintiffs' motion for temporary restraining order and motion for expedited discovery were mooted by issuance of the preliminary injunction. *Id*. at *6; *see also Citibank N.A. v. Kyle*, No. 15-3298, 2015 WL 3755788, at * (E.D. Pa. June 16, 2015) (finding plaintiff's motion for expedited discovery to be moot after granting motion for temporary restraining order). Just as the court did in *Wirtanen*, this Court should treat Euro Pacific's motion as one seeking a preliminary injunction because Oppenheimer had notice of the motion and find that the Order mooted Euro Pacific's request for temporary restraining order and expedited discovery in aid of the preliminary injunction hearing.

4
27388731.2

The Court's Order already serves FINRA Rule 13804's purpose of preserving the status quo pending the FINRA hearing for permanent injunctive relief.[1] The FINRA arbitration is moving apace. The parties have ranked arbitrators and a panel will be assigned soon. The FINRA hearing must take place by July 10, 2015. Allowing expedited discovery in this proceeding would be uneconomical for the Court and the parties, whose dispute is bound to be determined at the FINRA hearing. *See, e.g.*, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, (N.D. Ill. 2000) (finding that Merrill Lynch's pursuit of expedited discovery and preliminary injunction hearing when the "arbitration process is well on its way" to be "*indicia* of bad faith"). Euro Pacific's request to take depositions is also an attempt at an end-run around FINRA Rule 13510 ("Depositions are strongly discouraged in arbitration"). *See also* FINRA Dispute Resolution Arbitrator's Guide at p. 30 (depositions are allowed only if "extraordinary circumstances exist.") https://www.finra.org/sites/default/files/Arbitrator's-Guide.pdf. The case cited by Euro Pacific to the contrary is inapposite. In *A.G. Edwards & Sons, Inc. v. Marcolla*, expedited arbitration under FINRA Rule 13804(b) was unavailable because the court had not yet issued any temporary injunctive relief. No. 07-3260, 2007 WL 3037269, at *3 (C.D. Ill. Oct. 17, 2007). The discovery allowed in *A.G. Edwards* therefore was in aid of the court deciding whether to issue injunctive relief. The Court should deny Euro Pacific's request to conduct discovery outside of the FINRA arbitration.

Even if the consent orders had been issued without notice, and expired after 14 days (which these orders were not and do not), Oppenheimer would still be enjoined through the eve of the day by which the expedited FINRA hearing must commence. The Court could extend the

---

[1] This case and the Court's order is distinguishable from the cases cited by Euro Pacific in support of its request for expedited discovery because in those cases the defendants opposed entry of a temporary restraining order or preliminary injunction. In each of those cases, there was work left to be done for the court. That is not the case here.

5

temporary restraining order on Oppenheimer's consent. Oppenheimer will consent to the Order remaining in effect through the conclusion of the FINRA hearing to determine permanent injunctive relief. Fed. R. Civ. P. 65(b)(2); FINRA Rule 13804(b)(1). Because the FINRA hearing begins the day after the Order would expire and because Oppenheimer will consent to extending the Order under Rule 65(b), the Court should deny Euro Pacific's request for expedited discovery. *UBS Fin. Servs., Inc. v. Junggren*, No. 3:11cv437, 2011 WL 1831587, at *1, n.2 (D. Conn. March 30, 2011) (finding no need to conduct a preliminary injunction hearing when the parties had consented to expedited FINRA arbitration that might conclude before expiration of the temporary restraining order and suggesting that it would extend the temporary restraining order pending FINRA arbitration);[2] *Wells Fargo Inv., LLC v. Bengston*, No. 0:07-cv-3192, 2007 WL 2007997, at *3 (D. Minn. July 9, 2007) (denying request for expedited discovery, explaining "this matter will be before the NASD arbitration panel in approximately two weeks, and the NASD has the power to set a schedule for expedited discovery if it is necessary").

## Conclusion

This proceeding served its only purpose the moment the two consent orders were entered preserving the status quo and restraining both defendants from using the allegedly protected information to solicit customers. From now on all proceedings should take place in the parties' agreed forum—the FINRA arbitration. For the reasons stated herein, and the reasons stated in Oppenheimer's June 26, 2015 letter to the Court (Dkt. No. 27), the Court should (i) refer all discovery issues to the FINRA arbitration panel, (ii) deny Euro Pacific's request for expedited

---

[2] The court in *Junggren* extended the temporary restraining order on UBS Financial Services' motion, reasoning that the expedited FINRA arbitration was scheduled to begin on the day the restraining order expired. *UBS Fin. Servs., Inc. v. Junggren*, No. 3:11cv437, Text only order, Dkt. No. 27 (D. Conn. April 12, 2011).

6

discovery, and (iii) award Oppenheimer the attorneys' fees it expended opposing Euro Pac's completely unjustified application for discovery.

Respectfully submitted this 1st day of July 2015.

_____
Robert D. Owen (admitted *pro hac vice*)
Ronald W. Zdrojeski (RWZ0545)
SUTHERLAND ASBILL & BRENNAN LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
Email: robert.owen@sutherland.com
Email: ronald.zdrojeski@sutherland.com

*Attorneys for Defendant Oppenheimer & Co. Inc.*

## **CERTIFICATE OF SERVICE**

      I certify that on July 1, 2015, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to counsel of record.

 

_____
Robert D. Owen

8
27388731.2